IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TRACY PINKNEY,**

        **Petitioner,**

**v.**                                                              **Civil Action No. 1:07cv106**
                                                                        **(Judge Keeley)**

**U.S. DEPT. OF JUSTICE, BUREAU OF
PRISONS, WARDEN JOE DRIVER,
ACTING WARDEN MARTINEZ,**

        **Respondents.**

### ORDER DIRECTING THE RESPONDENT TO FILE A
### LIMITED RESPONSE TO THE PETITION

On June 13, 2007, the *pro se* petitioner, a District of Columbia prisoner incarcerated at the Hazelton Penitentiary in Bruceton Mills, West Virginia, initiated this case by filing a Petition for Writ of Habeas Corpus in the United States District Court for the District of Columbia. The District of Columbia Court, construing this case as arising under § 2241, transferred the case to this Court on June 20, 2007. The case was received by this Court on August 7, 2007.

In the petition, the petitioner asserts that the Bureau of Prisons ("BOP") is discriminating against District of Columbia offenders ("D.C. inmates") in custody classification matters. The petitioner paid the required $5.00 filing fee at the time of filing. This case is before the undersigned for a preliminary review of the petition pursuant to LR PL P 83.09.

Having made a preliminary review of the petition, the undersigned is unable to determine whether summary dismissal is warranted based on the current record. It appears that this case should have been filed as a civil rights action, rather than a habeas corpus action under § 2241. The substance of the petitioner's claim appears to be that the BOP is giving D.C. inmates a higher custody classification than federal inmates who have been convicted of more serious offenses,

resulting in D.C. offenders being housed unnecessarily and unfairly in maximum security facilities. Thus, it appears that the petitioner's claim involves claims of constitutional violations related to the conditions of the petitioner's confinement. However, the petitioner also makes fleeting references to parole eligibility dates and their effect on the housing of D.C. inmates.

Accordingly, because it is not clear whether the petitioner's claims have been properly filed, within **thirty (30) days** from the date of this Order, the respondent shall file a response to the petition limited to the issue of whether it is properly filed as a § 2241 claim. Petitioner has **thirty (30) days** from the date a response is filed to file any reply he may have. Pursuant to Rule 7 of the Federal Rules of Civil Procedure, no other pleadings will be accepted without the express order of the court upon a timely motion duly made.[1] If the court subsequently determines that the petitioner's claims have been properly raised under § 2241, the respondent shall be given additional time to file a response on the merits.

IT IS SO ORDERED.

The Clerk is directed to add Assistant United States Attorney Daniel W. Dickinson, Jr., P.O. Box 591, Wheeling, WV 26003, as counsel for the respondent, and send him both hard and electronic copies of this Order. The Clerk shall also mail a copy of this Order to the *pro se* petitioner.

DATED: August 13, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[1] "There shall be a complaint and an answer . . . [n]o other pleading shall be allowed, except that the court may order a reply to an answer . . ." Fed.R.Civ.P. 7(a).