IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TRACY PINKNEY,

    Petitioner,

v.                                                                       Civil Action No. 1:07cv106
                                                                       (Judge Keeley)

U.S. DEPT. OF JUSTICE, BUREAU OF
PRISONS, WARDEN JOE DRIVER AND
ACTING WARDEN MARTINEZ,

    Respondents.

## OPINION/REPORT AND RECOMMENDATION

The *pro se* petitioner initiated this § 2241 habeas corpus action on June 13, 2007, in the United States District Court for the District of Columbia. In the petition, the petitioner challenges a Bureau of Prisons ("BOP") policy which assigns public safety factors to District of Columbia inmates and sets restrictions on the institutions in which those inmates may be housed. Because the petitioner was then housed at the United States Penitentiary in Bruceton Mills, West Virginia, the case was transferred to this Court for all further proceedings.

Upon a preliminary review of the file in this Court, the undersigned determined that it appeared that the petitioner was challenging the conditions of his confinement, rather than the execution of his sentence, and therefore issued an Order to Show Cause on the limited issue of whether this case was properly filed as a habeas corpus action under 28 U.S.C. § 2241. On September 10, 2007, the respondent filed a limited response requesting that the petition be dismissed as improperly filed. The petitioner filed a reply on September 24, 2007.

This case is before the undersigned for a report and recommendation pursuant to LR PL P 83.09, et seq.

## I. The Pleadings

### A. The Petition

In the petition, the petitioner asserts that the BOP is discriminating against District of Columbia offenders ("D.C. inmates") in custody classification matters. The substance of the petitioner's claim revolves around the BOP's policy for assigning public safety factors to D.C. inmates and the way in which facility assignments are made for those inmates. Specifically, the petitioner asserts that D.C. inmates are assigned higher custody classifications than federal inmates who have been convicted of more serious crimes, resulting in D.C. inmates being unnecessarily and unfairly housed in higher security institutions.

### B. The Respondents' Response

In response to the petition, the respondents argue that the Court lacks subject matter jurisdiction to consider the petitioner's claims under 28 U.S.C. § 2241. Thus, the respondents seek the dismissal of this case. In support of their request, the respondents asserts that the caselaw clearly establishes that remedy lies in habeas corpus only if success of the petition results in a showing that the prisoner's imprisonment is invalid or effects the duration of the inmate's confinement. More specifically, the respondents argue that challenges to prison procedures are appropriate under § 2241, only when success results in immediate or speedier release.

### C. The Petitioner's Reply

In his reply, the petitioner asserts that because he is challenging a national policy, he is entitled to bring his claim under § 2241.[1] Moreover, the petitioner points out that because he is

---

[1] What petitioner fails to consider, however, is that not every national policy can be challenged under § 2241. A challenge to a national policy may still only be brought under § 2241 if the invalidity of the policy itself affects the fact or duration of an inmate's confinement. Pelissero v. Thompson, 170 F.3d 442 (4th Cir. 1999).

proceeding *pro se*, his pleadings are entitled to liberal construction.[2]

## II. <u>Analysis</u>

A § 2241 petition is used to attack the manner in which a sentence is executed. See 28 U.S.C. § 2241. More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 499-500 (1973). Thus, to determine whether § 2241 is the appropriate remedy in this case, the Court must review whether the petitioner challenges the fact or duration of his confinement, or the conditions of his confinement. See <u>Todd v. Baskerville</u>, 712 F.2d 70, 73 (4th Cir. 1983).

Here, the petitioner does not attack the execution of his sentence. Instead, the plaintiff alleges that the BOP is improperly or unfairly calculating the custody classification levels of D.C. inmates, which in turn, causes D.C. inmates to be housed in higher security facilities. The petitioner's claims are not in any way related to the execution of his sentence, but solely to the conditions of his confinement. In fact, were the petitioner to succeed on the merits of his claims, he would be, at best, entitled to a recalculation of his custody classification level. The fact or duration of his confinement, however, would remain the same. Thus, it is clear that the petitioner's claims should have been raised pursuant to a civil rights complaint. <u>Preiser</u> at 499-500 (a civil rights action is a proper remedy for a prisoner challenging the conditions of his prison life); <u>see also</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 82 (2005) (remedy lies in habeas corpus only if success necessarily demonstrates the invalidity of confinement or its duration). Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition

---

[2] All *pro se* claims are given liberal construction in this Court, particularly claims filed by *pro se* prisoners. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

should be denied and dismissed from the Court's active docket. See Richmond v. Scibana, 387 F.3d 602, 202 (7th Cir. 2004) (a habeas corpus petition may not be converted to a civil rights action, nor vice versa).

### III. Recommendation

For the foregoing reasons, it is recommended that the petitioner's Petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED without prejudice** to the petitioner's right to refile his claims in a civil rights action.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from **a** judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: August 19, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE