IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TRACY PINKNEY,**

        **Petitioner,**

v.                           **CIVIL ACTION NO. 1:07cv106**
                                                         **(Judge Keeley)**

**U.S. DEPARTMENT OF JUSTICE,
BUREAU OF PRISONS, WARDEN JOE
DRIVER, and ACTING WARDEN MARTINEZ,**

        **Respondents.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On June 13, 2007, pro se petitioner Tracy Pinkney ("Pinkney"), an inmate at USP-Hazelton, in Bruceton Mills, West Virginia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he challenged the Bureau of Prison's ("BOP") policy assigning public safety factors to District of Columbia inmates. Pursuant to LR PL P 83.09, the Court referred Pinkney's petition to United States Magistrate Judge John S. Kaull for initial review and a report and recommendation ("R&R").

After both parties briefed the issues raised in the petition, Magistrate Judge Kaull issued an R&R on August 19, 2008 that recommended denying Pinkney's petition and dismissing the case with prejudice. Pinkney timely filed objections to the R&R on September 9, 2008, and the Court now reviews de novo the issues raised in those objections. See 28 U.S.C. § 636(b)(1).

**PINKNEY V. U.S. DOJ, ET AL.**                                          **1:07CV106**

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I. BACKGROUND

Pinkney's § 2241 petition argues that the BOP is discriminating against District of Columbia inmates ("D.C. inmates") being held at BOP facilities. Pursuant to an agreement between the District of Columbia and the BOP, the BOP houses D.C. inmates in federal facilities. Pinkney alleges that D.C. inmates are being assigned higher custody classifications than other federal inmates who have been convicted of more serious crimes, and thus unfairly are being housed in higher security complexes. He additionally alleges that D.C. inmates are not transferred to medium security institutions until the parole board establishes a parole eligibility date while, in contrast, federal inmates serving life sentences without the possibility of parole are eligible to be housed at medium security facilities. He seeks review of these policies by this Court.

### II. ANALYSIS

In the R&R, Magistrate Judge Kaull found that Pinkney cannot obtain the relief he seeks through a § 2241 petition. Rather, he must file a civil rights complaint under 42 U.S.C. § 1983. Inmates may file § 2241 petitions to attack the fact or length of their confinement, but generally not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). Thus, the

Magistrate Judge concluded that challenges to prison procedures and policies are appropriate under § 2241 only when the policy affects the duration of the inmate's sentence.

In this case, Magistrate Judge Kaull concluded that Pinkney's petition did not attack the execution of his sentence, but rather the conditions of his confinement. Pinkney alleges that the BOP is unfairly calculating the custody classification levels of D.C. inmates and placing them in higher security facilities. Because the remedy to this challenge would be a recalculation of Pinkney's security level, rather than a recalculation of the duration of his confinement, Magistrate Judge Kaull concluded that the claim properly should be raised in a civil rights complaint, not raised through § 2241.

In his objections, Pinkney contends that the issue is properly raised under § 2241 because he is challenging a "national policy." In support of this objection, he cites to a District of Columbia case, Combs v. Attorney General of the United States, 260 F.Supp.2d 53, 54 (D.C. 2003), in which the district court concluded that an inmate could challenge a BOP policy that makes it unlawful to place inmates in community corrections facilities to serve an entire term of imprisonment. Although the inmate in Combs was not challenging the fact of or duration of his confinement, the district court

found that a § 2241 habeas petition was the appropriate mechanism for the inmate's challenge. Id. at 55-56. In reaching that conclusion, the district court relied on a Sixth Circuit case, United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991), which stated, in dicta, that "an attack upon the execution of a sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition."

While both Combs and Jalili appear to support Pinkney's argument that a challenge to the BOP's facility designation is an issue cognizable in a § 2241 petition, this Court's decision is controlled by the more recent decision of the Supreme Court of the United States in Wilkinson v. Dotson, 544 U.S. 74 (2005). In Wilkinson, the Supreme Court reviewed which prisoner claims may properly be brought in a habeas petition as opposed to a civil rights complaint, and made clear that habeas petitions are only appropriate where "success in [the] action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 82.

Moreover, the Supreme Court has long held that a civil rights action brought pursuant to 42 U.S.C. § 1983 is the proper vehicle for challenging a condition of confinement, such as the BOP's security rating of an inmate or the inmate's facility designation. See Preiser, 411 U.S. at 500. Because, as Magistrate Judge Kaull

4

correctly found, this Court lacks authority to convert habeas petitions into civil rights actions, it agrees that Pinkney's § 2241 petition must be dismissed.

### III. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the R&R in its entirety (dkt. no. 13), **DENIES** Pinkney's § 2241 petition, and **DISMISSES** the case **WITH PREJUDICE** from the Court's docket.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record and to the pro se petitioner, by certified mail, return receipt requested.

DATED: February 5, 2009.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE